IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TONY RAY PETTY,<br><br>               Plaintiff,<br>    v.<br><br>KEVIN SOUZA, VOLTAIRE GANSIT, JESSICA VILLORIA, ET AL.,<br><br>               Defendants. | CIV. NO. 23-00422 JMS-KJM<br><br>ORDER DISMISSING COMPLAINT |

## **ORDER DISMISSING COMPLAINT**

### I.    **INTRODUCTION**

On June 10, 2024, the court ordered pro se Plaintiff Tony Ray Petty ("Plaintiff" or "Petty") to show cause why his Complaint should not be dismissed, or explain how he could amend the Complaint to state a claim. *See* ECF Nos. 36 (Order to Show Cause, "OSC") & 44 (Order extending deadline to respond to the OSC, among other things). On July 24, 2024, Plaintiff filed a "Motion to Continue in the Prosecution of Defendants; with Articulation of Compensation; with Articulation of Claim," ECF No. 51 ("Motion"), and on August 2, 2024, a "Letter" to which he attached numerous submissions to this court and the First Circuit Court for the State of Hawaii ("State court"), ECF No. 53. The Motion purports to "explain in brief detail how the orchastrated [sic] acts of each named defendant;

[sic] lead to the violation of my civil rights; [sic] & liberties[.]" ECF No. 51 at PageID.227. The purpose of the Letter is unclear,[1] but the court will collectively consider these filings as a Response to the OSC.[2] After reviewing both, however, the court is still unable to discern a basis for relief and Plaintiff has failed to show that he could allege non-conclusory facts that would state a claim; therefore, for the reasons stated below, Defendant's action is DISMISSED.

## II.   BACKGROUND

On June 23, 2021, the City and County of Honolulu ("City and County") filed in Hawaii State court a Felony Information & Non-Felony Complaint against Petty for an incident that occurred on October 21, 2019, charging him with: (1) Unauthorized Possession of Confidential Personal Information in violation of Hawaii Revised Statutes ("HRS") § 708-839.55;

---

[1] *See* ECF No. 53 at PageID.241 ("So basically this ain't no petition this ain't no motion . . . .").

[2] On August 7, 2024, the court received other meritless motions and documents filed by Plaintiff: (1) a "Summary Prosecution" against Defendant Judge Souza for "still harrassing [sic] threatening and violating constitutional civil rights of Plaintiff," ECF No. 54 at PageID.298; (2) a "Class Civil Action Remedy Claim and Proposal" for a "joint class resolution" for all Defendants in this matter, ECF No. 55 at PageID.359; (3) a "Memorandum Amended/Restraining Order" against Defendants "who have all collectively assaulted [Plaintiff's] freedom, [his] liberties, and also [his] wellbeing [sic]," ECF No. 56 at PageID.362; and (4) a "Motion to Waive Service and Amend Proof of Service of Summons," ECF No. 58, insofar as Defendant Public Defender ("PD") Gansit's withdrawal of representation of counsel for Plaintiff on January 19, 2024, is sufficient proof of service of the Complaint. *See* ECF No. 58 at PageID.371. The record reflects that Plaintiff has not provided proof that he has properly served the Complaint on any of the Defendants. *See* ECF Nos. 32 & 34. Given this Order dismissing Plaintiff's Complaint, the requests contained in these filings are moot and will not be addressed by the court.

(2) Identity Theft in the Third Degree in violation of HRS § 708.839.8; and

(3) Theft in the Third Degree in violation of HRS § 708-832(1)(a).  *See* 1CPC-21-0000720 ("State court action"), Dkt. 1.[3]  *See* eCourt Kōkua, https://www.courts.state.hi.us/legal_references/records/jims_system_availability (entering ecourt* Kokua, clicking "Accept," and entering "1CPC-21-0000720" in "Case Search") (last visited August 15, 2024).  Presently, Petty is in State custody and, after numerous continuances, trial in the State court action is set for the week of September 23, 2024.  *See id*., Dkt. 228 (court minutes rescheduling trial week to September 23, 2024).

In the interim, on October 13, 2023, Plaintiff filed his pro se Complaint in this court.  ECF No. 1.  As best as can be gleaned from the Complaint and Response to the OSC, Petty claims that Defendants Kevin Souza (a State Circuit Court judge), Voltaire Gansit (a State deputy public defender), Probation Officer Jessica Villoria, John Bryant ("Officer Bryant," a police officer with the Honolulu Police Department ("HPD")), and Detective Michael Kawakami (also with the HPD) violated Plaintiff's "civil rights; & liberties."[4]

---

[3] "Judicial notice is taken of the court dockets in the state court proceedings." *Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (citing Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006)).

[4] The Complaint lists Detective Kawakami in the caption but does not otherwise mention him.  Conversely, the Complaint discusses Officer Bryant as a Defendant, although it does not list him in the caption.  *See* ECF No. 1 at PageID.1, 5.  Plaintiff states that his suit includes
(continued . . .)

3

ECF No. 51 at PageID.227.

More specifically, the Complaint appears to allege torts for defamation, malicious prosecution, battery, assault, intrusion upon seclusion, trespass, invasion of privacy, and conspiracy or fraud.  ECF No. 1 at PageID.7.  The Response also reiterates that Defendants caused "lost [sic] of property, housing, vehicles, social status, defamation . . . and unreplacable [sic] time with daughter, fiancée and family and friends loved ones & dependants [sic]."  ECF No. 51 at PageID.231.  As for relief, the Complaint seeks to "[d]imisse [sic] any and all cases the state fradulently [sic] drew up upon my name and Destroy any and all encriminating [sic] evidint [sic] against the state."  ECF No. 1 at PageID.9.  It also appears to seek damages of $700,000, $717,000, or $749,000.  *Id.*; ECF No. 51 at PageID.231.  The Complaint seeks relief under 42 U.S.C. § 1983.  ECF No. 1 at PageID.5.

### III.  DISCUSSION

To determine if the Complaint fails to state a claim, the court must set conclusory factual allegations aside, accept non-conclusory factual allegations as true, and determine whether these allegations state a plausible claim for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007).

---

claims against both Detective Kawakami and Officer Bryant as Defendants.  *See* ECF No. 51 at PageID.227–228.

A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim.  *See UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  Federal Rule of Civil Procedure 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id*. (citation and quotation marks omitted).  Further, a complaint that is so confusing that its "true substance, if any, is well disguised" may be dismissed for failure to satisfy Rule 8.  *Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).

Here, liberally construing it, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Plaintiff's Complaint, read in conjunction with the Response, fails to state a claim.  Further, Plaintiff has failed to explain how he could amend the Complaint to state a claim.

### A. Legal Framework for Claims Under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 692 (1978) (requiring "some official policy" before imposing liability against a local government); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). Thus, a plaintiff must allege that he suffered a specific injury because of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

### B. Fourth Amendment Claims

Plaintiff alleges that Officer Bryant and Detective Kawakami conspired to "execute a warrant of charge" that was the basis of the State court action. ECF No. 51 at PageID.228 ("Defendant John K. Bryant. [sic] who with

fraudulent guidance of Detective Kawakami . . . ."). Plaintiff names Officer Bryant in both his individual and official capacities (as he did with all named Defendants). *See* ECF No. 1 at PageID.2, 5. Because Plaintiff did not name Detective Kawakami in the Complaint, it is unclear in what capacity Plaintiff intended to sue him. Construing Plaintiff's filings liberally, the court assumes that he also named Detective Kawakami in both his individual and official capacities.

### 1. *Individual Capacity Claims*

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (en banc) (internal quotation marks and citation omitted). "Probable cause exists when there is a fair probability or substantial chance of criminal activity." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015) (internal quotation marks and citation omitted). "[T]he determination of probable cause is based upon the totality of the circumstances known to the officers at the time of the arrest." *Id*. (alteration in original) (internal quotation marks and citation omitted). "This is not a high bar." *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1164 (9th Cir. 2022) (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014) (internal quotation marks omitted).

Here, Plaintiffs conclusory allegations of false arrest, arrest without probable cause, and conspiracy fail to state a claim. He claims that on October 19, 2019, at 6:30 p.m. Officer Bryant arrested him without a warrant at Sherwood Beach in Waimanalo. ECF No. 51 at PageID.228. He alleges that Officer Bryant caused him to "loose [sic] my place of residency," "appearing without being calling," and "placing evidence of contraband to create a probable cause." ECF No. 1 at PageID.3. In addition, Petty claims that a warrant "must be on person or agent when enforcing and officer has to articulate that a crime has taking [sic] place at that very moment or have reason to belief [sic]," and that "H.P.D. must a [sic] warrant and or indictment." ECF No. 51 at PageID.228.

Officer Bryant, according to Plaintiff, needed "some type of physical eveidence [sic] that can be; [sic] held, touched, with substance, not base [sic] on channel of internet information or paperial [sic] accusations. Nor from H.P.D [sic] officers who has be [sic] reprimanded [sic] in the past for unbefitting conduct of an officer" and that Plaintiff needed to be in actual possession of the victim's belongings. *Id*. Detective Kawakami allegedly "waited nearly two years to charge [Plaintiff] on unauthorized possession of confidential information and theft in the second or third: who investigation, and research was with intentional [sic] to harm [Plaintiff's] future well being and deprive [him of his] freedom with a partial investigation . . . ." *Id*. at PageID.227. Plaintiff blames the theft victim, claiming

8

that her belongings were stolen when "all the signs up . . . Clearly in plain English do not leave valuables in car" and that the "police officer on site at Sherwoods should have easily instructed here [sic] what to do" but "she chose her course which makes her and the City and County liable for her very actions." *Id.* at PageID.228.  Detective Kawakami also allegedly violated Petty's Fourteenth Amendment rights by "not informing the accuse [sic] with a grand jury indictment but choosing to warrant [sic] and arrest of information, and or no warrant in hand." *Id*.

First, to the extent Plaintiff suggests that any warrantless arrest is illegal, he is mistaken.  "A police officer has probable cause to arrest a suspect without a warrant if the available facts suggest a 'fair probability' that the suspect has committed a crime." *United States v. Hartz*, 458 F.3d 1011, 1018 (9th Cir. 2006) (quoting *United States v. Valencia-Amezcua*, 278 F.3d 901, 906 (9th Cir. 2002)).  Second, setting aside conclusory allegations, Plaintiff fails to allege—or show that he could allege—a plausible claim for unlawful arrest.  He fails, for instance, to allege facts showing that the police lacked probable cause to arrest him.

As for conspiracy, "[a] section 1983 civil rights conspiracy requires the 'combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means[.]'" *S.V. by & through Valencia*

9

*v. Delano Union Elementary Sch. Dist.*, 2017 WL 3479009, at *3 (E.D. Cal. Aug. 14, 2017) (citation and internal quotation marks omitted). There must be "an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages." *Id*. (internal quotation marks and citation omitted); *see also Ward v. E.E.O.C.*, 719 F.2d 311, 314 (9th Cir. 1983) ("To prove a conspiracy . . . [Plaintiff] had to show an agreement or 'meeting of the minds' to violate his constitutional rights."). Plaintiff's non-conclusory allegations do not demonstrate the existence of any connection or agreement between these Defendants, much less point to any conspiracy to deprive him of his rights.

   2. *Official Capacity Claims*

   As the Supreme Court has explained, "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell*, 436 U.S. at 690 n.55. In other words, "official capacity" claims against Officer Bryant and Detective Kawakami are claims against the entity that employs them.

   In *Monell*, the Supreme Court held that a municipality could be "sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though

10

such a custom has not received formal approval through the body's official decisionmaking channels." *Id*. at 690–91.  In addition, the Supreme Court has held that a municipality can be liable under Section 1983 for a "failure to train" when "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  A municipality cannot be held liable under § 1983 "solely because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691 (emphasis omitted).

Thus, a plaintiff can allege municipal liability under § 1983 in any of three ways.  First, a municipality can be liable when it or a person with final policymaking authority within the municipality expressly enacts or authorizes a policy respecting a challenged action.  *Id*. at 690; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482–83 (1986) ("The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable.").  In this regard, a municipality can also be liable when a final policymaker "ratifie[s]" a subordinate's conduct and the basis for it. *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066–67 (9th Cir. 2013).  Second, a municipality can be liable for a custom that, although not expressly enacted, is "so permanent and well settled" it operates with the force of law.  *Monell*, 436 U.S. at

11

691 (internal quotation marks and citation omitted).  Third, a municipality can be liable for a failure to train its employees when such failure amounts to deliberate indifference towards the rights of its inhabitants.  *City of Canton*, 489 U.S. at 388.  In addition, a plaintiff must allege that a policy, custom, or failure to train actually caused a municipality's employee to commit the constitutional deprivation.  *Id*. at 391; *Monell*, 436 U.S. at 694.

        Plaintiff does not assert that Officer Bryant and Detective Kawakami acted pursuant to a policy or custom of the HPD, nor that the HPD failed to train them.  Having failed to state a claim against either Officer Bryant or Detective Kawakami in their official capacities, Plaintiff's claims are DISMISSED.

### C.    Claims Against State of Hawaii Circuit Court Judge Kevin Souza

        Plaintiff alleges that Defendant Judge Souza "waived [Plaintiff's] right to speedy trial," ECF No. 1 at PageID.4, and allowed numerous continuances with "no arraign [sic] no defense and no conviction."  ECF No. 51 at PageID.230.  To the extent the Complaint may allege § 1983 claims against Judge Souza for violation of Plaintiff's constitutional rights, such claims fail.

        "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).  Moreover, "judicial immunity is an immunity from suit, not just from ultimate assessment of

damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice," *id.*, and applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff," *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996), *superseded by statute on other grounds as recognized in Tia v. Mollway*, 2011 WL 2945813, at *4 (D. Haw. July 20, 2011). Further, except in narrow circumstances not applicable here, 42 U.S.C. § 1983 precludes prospective injunctive relief against state judges on account of their judicial acts. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable*. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(Emphasis added).

Here, the Complaint's allegations show that Judge Souza

acted in his judicial capacity.  Moreover, the Complaint does not allege that "a declaratory decree was violated or that declaratory relief was unavailable," nor could it, as "[d]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order in state court." *Yellen v. Hara*, 2015 WL 8664200, at *11 (D. Haw. Dec. 10, 2015) (citing *Agbannaoag v. Honorable Judges of Circuit Ct. of First Cir. of Haw.*, 2013 WL 5325053, at *3 (D. Haw. Sept. 20, 2013)) (additional citation and internal brackets omitted).

Thus, Judge Souza is entitled to absolute judicial immunity from Plaintiff's § 1983 claims, including claims for prospective injunctive relief.  To the extent the Complaint asserts such claims, they are DISMISSED.

### D.    Claims Against State of Hawaii Public Defender Voltaire Gansit

Plaintiff apparently "release[d] [PD Gansit] from his duties" on January 9, 2023, for "in-effectiveness [sic] of assistance [sic] of counsel . . . due to his inability to listen to [Petty's] simple instructions, such as calling a witness, and or filing a motion to dismiss."  ECF No. 1 at PageID.4; ECF No. 51 at PageID.229.  Furthermore, Plaintiff alleges that PD Gansit sought a psychiatric evaluation, "discussing [Petty] and [Petty's] case w/o [Petty's] lawful consent[,]" ECF No. 1 at PageID.4, and made "12 x court appearances from July 20, 2021 to

14

Jan. 9, 2023 to no trial [sic]," in alleged violation of Plaintiff's Sixth and Fourteenth Amendment rights to speedy trial.  ECF No. 51 at PageID.230.

The Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions to a defendant in a criminal proceeding."  *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008) (emphasis omitted) (quoting *Polk County v. Dodson*, 454 U.S. 312, 322 n.13 (1981) (noting that when performing these traditional functions "a public defender is not acting on behalf of the State; he is the State's adversary")); *see also Tomel v. Jenkins*, 2009 WL 4017144, at *4 (D. Haw. Nov. 20, 2009) ("When a public defender is acting in his role as advocate, he is not acting under color of state law for purposes of § 1983 liability.") (citing *Georgia v. McCollum*, 505 U.S. 42, 53 (1992)).  Plaintiff's claims against PD Gansit fail, as they all arose from "traditional functions to a defendant in a criminal proceeding".  These claims are, therefore, DISMISSED.

E.  **Claims Against State of Hawaii Probation Officer Jessica Villoria**

The crux of Plaintiff's allegations against Defendant Probation Officer ("PO") Jessica Villoria is that she "offended" him:

> When informing her that I am age of majority and I don't need anyone telling what is wright [sic] or wrong ever. [sic] She said Quote on Quote [sic] If I don't listen to her that I could loose [sic] my House because Sect 8 is a privilege and not a right.  I'm still offended.

15

ECF No. 1 at PageID.4; ECF No. 51 at PageID.229.  Plaintiff additionally claims that in a conversation from November 2021, PO Villoria wanted him to "prioritize her commands and not reasonable terms of original probation contract" and viewed him as a "lower class citizen threaten [sic] to send me to jail when my wife is working and Im [sic] at home watching my daughter is disgusting and a failure on her part."  ECF No. 51 at PageID.229.

Even if PO Villoria is not entitled to absolute immunity, *see Thornton v. Brown*, 757 F.3d 834, 839–40 (9th Cir. 2013), Plaintiff nonetheless fails to state a claim against her.  His claims of being "offended" do not substantiate any § 1983 liability and must be DISMISSED.

### IV.    CONCLUSION

In its OSC, the court provided Plaintiff an opportunity to explain how his Complaint states a claim, or how he could amend the Complaint to state a claim.  He has failed to do so.  That is, as written the Complaint fails to state a claim, and Plaintiff has provided no non-conclusory facts that he could allege to state a claim.  As a result, his Complaint is DISMISSED.  Moreover, given Plaintiff's Response to the OSC, leave to amend would be futile.  *See, e.g.*, *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023) ("Although leave to amend should be given freely . . . denying leave is not an abuse of discretion if 'it is clear that granting leave to amend would have been futile.'") (quoting *Thinket*

*Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)).  The Clerk shall close the case file.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, August 15, 2024.



        /s/ J. Michael Seabright
        J. Michael Seabright
        United States District Judge

*Petty v. Souza et al.*, Civ. No. 23-00422 JMS-KJM, Order Dismissing Complaint